P. L. BRISTOL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9173.   Promulgated January 27, 1928.

*Albert F. Hillix, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined a gain on the transactions here involved in the amount of $14,375.40. He bases this result in his finding that the stock received by the petitioner had a value of $100 per share, or a total value of $100,000. The petitioner claims that the true value of the stock at such date was no more than the book value of its assets as shown on its amended balance sheet, which has been used by the respondent and accepted by the company in the determination of the invested capital of the company for its first taxable year.

As a basis for his determination of value, the respondent relies entirely on the sales of stock as set forth in our findings of fact. We are of the opinion that sales made in such circumstances are not a true measure of fair market value.

In the absence of representative sales of the stock we must look to the assets to determine its fair market value. The evidence is conclusive that the good will and the appreciation of inventory were taken into assets solely for the purpose of serving as balancing entries. While the respondent's exclusion of these items from invested capital can not be accepted as proof of their lack of value, we think that having been so excluded they should not afterward, without proof of value, be restored to assets for the purpose of determining the value of the stock. We are of the opinion that the stock received for the building had no value in excess of the agreed depreciated cost of the building, and that the transaction resulted in neither a deductible loss nor a taxable gain.

*Judgment will be entered on 15 days' notice, under Rule 50.*